## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KIRT STEVENS,<br>an individual,<br><br>                Plaintiff,<br><br>  v.<br><br>BROAD REACH COMPANIES, L.L.C.,<br>a Colorado limited liability company,<br>and<br>PAUL R. PLACHE,<br>an individual,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 05-0647-CV-W-GAF |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW plaintiff Kirt Stevens ("Stevens" or "plaintiff"), by and through its

undersigned counsel, and for its Complaint against defendants Broad Reach Companies L.L.C.

("Company") and Paul R. Plache ("Plache") (or, collectively, the "defendants") states as follows:

### JURISDICTION AND VENUE

1.      This is an action for a declaratory judgment for correct inventorship

arising under the Declaratory Judgment Act (28 U.S.C. § 2201), 28 U.S.C. 1367(a) and the

United States Patent Laws including but not limited to Article 1 Section 8 of the U.S.

Constitution, 35 U.S.C. § 1 et seq. inclusive of § 116 and § 256.

2.      Subject matter jurisdiction is conferred on this Court pursuant to 28 U.S.C.

§§ 1331, 1338, 1367 and 2201 in that the controversy arises out of 35 U.S.C. §§ 116 and 256 or

in that they form part of the same case or controversy.

3.     Jurisdiction is also proper pursuant to 28 U.S.C. § 1332 where the patent application and resulting patent in question has a value greater than $75,000 and the controversy is between parties who are citizens of different states.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in part because such acts occurred as a result of defendant's transaction of business in Missouri, County of Jackson and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

<u>THE PARTIES</u>

5.     Plaintiff is an individual residing at 1007 North First Street East in Louisburg, Kansas.

6.     Plaintiff has invented a fluid blending apparatus which blends polymer fluids.  A substantial part of the inventive events in developing the blender and which give rise to this action took place at the place of plaintiff's employment, i.e,. 4225 N.E. Port Drive in Lee's Summit, Missouri in the County of Jackson within this judicial district. In addition, a substantial part of the communication with defendant Paul R. Plache arose out of and from plaintiff at 4225 N.E. Port Drive in Lee's Summit, Missouri.

7.     On information and belief, defendant Company is a Colorado corporation with its principal office at 5291 Spotted Horse Trail, Boulder, Colorado which is in the County of Boulder, Colorado.

8.     Defendant Company is the assignee of record for the patent application here at issue filed by defendant Plache on October 7, 2004 with the United States Post Office using Express Mail number EU008599395US addressed to the Commissioner for Patents titled FLUID BLENDING UTILIZING EITHER OR BOTH PASSIVE AND ACTIVE MIXING.  The

-2-

assignment was executed by defendant Plache on October 7, 2004 identifying defendant Company as a limited liability company duly organized, incorporated and existing under the laws of the State of Colorado and having an office and place of business at 6395 Gunpark Drive, Unit T, Boulder Colorado 80301.

9.      On information and belief, defendant Company was organized by defendant Plache on October 8, 2004 with a principal office at 5291 Spotted Horse Trail, Boulder Colorado 80301.

10.      On information and belief, defendant Plache is an individual residing at 5291 Spotted Horse Trail, Boulder, Colorado, which is in the County of Boulder, Colorado. Plache, under threat of fine, imprisonment or both in accordance with Section 1001 of Title 18 of U.S.C., was erroneously, if not fraudulently identified as the original, first and sole inventor on the above referenced patent application filed on October 7, 2004 .

11.      On information and belief, defendant Company is merely an alter ego of defendant Plache, where defendant Company is controlled and owned by defendant Plache of such a complete nature that absent defendant Plache, the defendant Company has no separate mind, will or existence with regard to the patent application at issue.  In addition, defendant Plache used his control and domination over defendant Company to commit fraud and to violate the legal patent rights of plaintiff by assigning the patent application and resulting patent to defendant Company and that the control of defendant Company resulted in an assignment through fraud which has caused injury to plaintiff in this district.

<u>BACKGROUND</u>

12.      Plaintiff is a mechanical engineer by profession and is knowledgeable in the field of polymer blenders, including manufacturing and design.  Over a number of years, in

-3-

this judicial district, plaintiff has engineered, manufactured and designed a number of mechanical components for water treatment facilities in this district and elsewhere.

13.     Prior to October 7, 2004 defendant Plache contacted plaintiff in this district regarding the preliminary design of a liquid polymer blender, alternatively referred to by Plache as a fluid blending apparatus .

14.     Throughout 2003 and 2004, in this judicial district plaintiff rendered design and engineering activities in connection with the polymer blender, such activities rendering plaintiff an inventor pursuant to the patent laws of the United States including 35 U.S.C. § 101 et seq. of the polymer blender.

15.     Plaintiff provided copies of drawings embodying the polymer blender to defendant which resulted from plaintiff's design, engineering and inventive efforts on various dates throughout 2003 and 2004, such efforts being in this judicial district.

16.     On October 7, 2004, without informing plaintiff and without plaintiff's consent, defendant filed a United Stated Patent Application on said fluid blending apparatus with the United States Patent Office through the United States Post Office using Express Mail label number EU008599395US addressed to the Commissioner of Patents.

17.     In the application, defendant Plache, under threat of fine, imprisonment or both for false statements, declared himself to be the sole, original and first inventor.

18.     Plaintiff, who is a United States citizen, believes that he is responsible for the conception of the fluid blending apparatus within this judicial district and is the original, sole and first inventor of the fluid blending apparatus claimed in the patent application.

19.     The failure to name plaintiff as a sole inventor is an error and was without deceptive intent on plaintiff's part.

-4-

20.    Alternatively, plaintiff believes at the least he has jointly contributed to the conception of the fluid blending apparatus within this judicial district as a joint inventor. The failure to name plaintiff as a joint inventor was an error and the error was without deceptive intent on plaintiff's part.

21.    The patent application filed on October 7, 2004 is entitled FLUID BLENDING UTILIZING EITHER OR BOTH PASSIVE AND ACTIVE MIXING and is assigned by defendant Plache to Broad Reach Companies, L.L.C., defendant Company, as the whole owner of the right, title and interest in the patent.

22.    Defendant Company was organized as a Colorado limited liability company on October 8, 2004 with defendant Plache identified as the organizer.

23.    On information and belief, defendant Plache is the sole managing member of defendant Plache's alter ego, defendant Company. Defendant Plache is the registered agent of defendant Company, defendant Plache's address is the same as the principal office of defendant Company, defendant Plache is the organizer of defendant Company.

24.    The patent application generally relates to a novel polymer blender which mixes polymers with other liquids.

25.    The new and useful polymer blender and improvements thereof were provided by plaintiff while working in this district and on information and belief are patentable pursuant to 35 U.S.C. § 101 et seq.

26.    Despite the fact that the ideas and information contained in the patent application were provided by plaintiff, defendant Plache purports himself as the sole and original inventor of the invention.

27.     Despite plaintiff's inventive efforts defendant Plache has denied plaintiff's patent rights in the patent application and the resulting patent and has refused to acknowledge plaintiff's status as an inventor in the patent application.  A controversy has thus arisen as to the status of plaintiff in the patent application and resulting patent.

COUNT I - FIRST CLAIM FOR RELIEF:
DECLARATORY JUDGEMENT 28 U.S.C. § 2201

28.     Plaintiff realleges and reincorporate the allegations set forth in paragraphs 1-19, 21-27 as if fully set forth herein.

29.     The patent application contains claims directed to a fluid blending apparatus and includes information necessary for patentability that originated from the plaintiff inventor.

30.     Plaintiff believes himself to be the first and original inventor of the fluid blending apparatus as defined by 35 U.S.C. § 101.

31.     Plaintiff is a citizen of the United States.

32.     The failure to name the true inventor, plaintiff, was an error which damages plaintiff and can be corrected by this Court pursuant to 35 U.S.C. § 256.

33.     As plaintiff is a sole inventor, defendant Plache is not authorized to assign the patent application to defendant Company pursuant to 35 U.S.C. § 152.

34.     A justiciable controversy exists, as provided in 28 U.S.C. § 2201, regarding the respective rights of plaintiff with respect to defendant's alleged patent application and/or purported intellectual property as defendant has denied plaintiff's patent rights and refused to recognize plaintiff's status as an inventor.

-6-

35.     As a result of defendants' acts, omissions and misrepresentations in this judicial district, plaintiff has been injured in an amount to be ascertained at trial.

36.     28 U.S.C. § 2201(a) provides that a Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

## COUNT II - SECOND CLAIM FOR RELIEF:
### DECLARATORY JUDGEMENT 28 U.S.C. § 2201

37.     Plaintiff realleges and reincorporate the allegations set forth in paragraphs 1-17, 20-27 as if fully set forth herein.

38.     The patent application contains claims directed to a fluid blending apparatus and includes information necessary for patentability that originated from the plaintiff inventor in this judicial district.

39.     Plaintiff believes himself to be at least a joint inventor pursuant to 35 U.S.C. § 116 of the fluid blending apparatus.

40.     Plaintiff is a citizen of the United States.

41.     The nonjoinder of plaintiff was an error which damages plaintiff and can be corrected by this Court pursuant to 35 U.S.C. § 256.

42.     A justiciable controversy exists, as provided in 28 U.S.C. § 2201, regarding the respective rights of plaintiff with respect to defendant's alleged patent application and/or purported intellectual property as defendant has denied plaintiff's patent rights and refused to recognize plaintiff's status as an inventor.

43.     As a result of defendants' acts, omissions and misrepresentations in this judicial district, plaintiff has been injured in an amount to be ascertained at trial.

44.     28 U.S.C. § 2201(a) provides that a Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

<u>COUNT III - THIRD CLAIM FOR RELIEF:</u>
<u>FRAUD</u>

45.     Plaintiff realleges and reincorporate the allegations set forth in paragraphs 1-19, 21-27 as if fully set forth herein.

46.     During the course of plaintiff's inventive efforts, defendant Plache communicated with plaintiff inventor in this judicial district regarding his invention during 2003 and 2004 including communications on October 7, October 31 and November 10 of 2003.

47.     During the course of these communications, defendant Plache elicited valuable information from plaintiff regarding the results of his inventive efforts in this judicial district.

48.     Defendant used false and material representations, on December 12, 2003 misrepresenting that he needed information on the plaintiff inventor's blender for plaintiff inventor's benefit, namely for locating an attorney to file a patent application on plaintiff's invention, when in fact defendant Plache intended to obtain the information and use the information for his own benefit, so that he could incorporate plaintiff's information into a patent application, falsely naming himself as the sole inventor.

49.     Plaintiff reasonably relied to his prejudice upon defendant Plache's false and material representation, in this judicial district, that defendant Plache was using plaintiff's information for plaintiff's patent application and plaintiff's information provided a valuable

-8-

benefit to defendant Plache that he would not have provided if plaintiff had known defendant Plache was in fact preparing the patent application for himself.

50.     Defendant Plache knew that his sworn statement was false or at least was ignorant as to its truth, when he executed the oath pursuant to 35 U.S.C. § 115 on October 7, 2004 by declaring himself to be the sole inventor, namely defendant knew that plaintiff had contributed to the invention as a sole inventor or at least as a joint inventor.

51.     Defendant Plache intended for the plaintiff to rely upon defendant Plache's representation that he was having a patent application prepared for plaintiff.

52.     After eliciting information from the plaintiff inventor throughout 2003 and 2004 in this judicial district, defendant Plache failed to disclose to plaintiff that defendant's attorney filed the patent application on October 7, 2004 covering plaintiff's invention and naming defendant Plache as the sole inventor.

53.     On October 7, 2004 plaintiff did not know defendant Plache was filing the patent application naming himself as the sole inventor.  Plaintiff had a right to rely upon the representations of defendant Plache.  To his prejudice, plaintiff did not know that defendant Plache was not filing the patent application for plaintiff.

54.     To plaintiff's prejudice, defendant Plache failed to disclose that the patent application copied and used information and materials from plaintiff inventor.

55.     To plaintiff's prejudice, defendant Plache failed to disclose that the patent application did not recognized or acknowledge the plaintiff inventor as the proper inventor of the patent application.

56.     Defendant Plache had knowledge of and a duty to disclose these material facts to plaintiff. These acts, omissions and false representations by defendant Plache were definite and specific.

57.     These acts and omissions were done knowingly and the false representation was made with the knowledge of its falsity. In addition, these acts, omissions, and false representations were done with the intent to conceal from plaintiff in this judicial district that defendant Plache intended to file a patent application that utilized information from the plaintiff inventor without acknowledging him as the inventor.

58.     To his prejudice, plaintiff reasonably relied upon defendant's acts, omissions, and false representation to plaintiff's detriment in that he offered defendant Plache information for use in the patent application and did not take any immediate actions to file a patent application relating to the polymer blender.

59.     Had plaintiff been made aware of defendant Plache's plan to file a patent application that copied and used information from the plaintiff without acknowledging him as the inventor, plaintiff would have not offered such valuable information and could have filed an application on his own behalf so as to secure the patent rights denied him by defendant Plache's actions. Plaintiff could have otherwise taken additional steps to prevent defendant Palche's wrong conduct. Instead, because of defendant Plache's fraudulent acts, omissions and false representation, plaintiff to his own prejudice did not become aware of the patent application and the improper assertion of inventorship by defendant until April 12, 2005 when the patent application was first discovered by plaintiff.

60.     As a result of defendants' acts, omissions and misrepresentations in this judicial district, plaintiff has been prejudiced in his patent rights and injured in an amount to be ascertained at trial.

## COUNT IV - FOURTH CLAIM FOR RELIEF:
### FRAUD BEFORE THE PTO

61.     Plaintiff realleges and reincorporate the allegations set forth in paragraphs 1-19, 21-27, 45-60 as if fully set forth herein.

62.     Defendant made a material misrepresentation in executing an oath as required by 35 U.S.C. § 115 before the U. S. Patent and Trademark Office ("PTO") in connection with the patent application.

63.     Defendant Plache executed a sworn oath or declaration on October 7, 2004 under penalty of perjury stating that he was the true and sole inventor of the subject matter claimed in the patent application.

64.     Defendant Plache knew that his sworn statement was false or at least was ignorant of its truth, when he executed the oath pursuant to 35 U.S.C. § 115 declaring himself to be the sole inventor, namely defendant knew that plaintiff had contributed to the invention as a sole inventor or at least as a joint inventor.

65.     Defendant Plache intended for the Commissioner of Patents to rely upon defendant's representation that he is the sole inventor of the invention disclosed in the patent application for filing the application.

66.     The Commissioner of Patents relied upon defendant Plache's representation in filing such application listing defendant Plache as a sole inventor.

-11-

67. Defendant Plache executed an Assignment agreement on October 7, 2004 between defendant Plache and defendant Company assigning the patent application to defendant Company. The Assignment document also stated that defendant Company was organized, incorporated and existing.

68. Defendant had a duty to disclose under 35 U.S.C. § 115 and failed to disclose that the patent application did not recognized or acknowledge the plaintiff inventor as the true and proper inventor of the patent application.

69. Defendant Plache did not identify plaintiff as a true and proper inventor. Defendant Plache did not acknowledge that defendant Company was not organized until, October 8, 2004, after the execution and filing of the assignment document with the PTO.

70. Defendant Plache, intended for the Commissioner of Patents to rely upon defendant's representation that he is sole inventor of the invention disclosed in the patent application to record the assignment to defendant's alter ego, defendant Company.

71. The Commissioner of Patents did not know that defendant's sworn statements in the patent application and the assignment document were false in accepting defendant's patent application or in recording defendant Palche's assignment to defendant Company. The Commissioner had a right to rely upon the sworn statement of defendant Plache.

72. The misrepresentation, acts, omissions and false representations by defendant Palche was definite and specific and was made with knowledge of its falsity, in that the invention described and claimed in the patent application was an invention that defendant elicited from plaintiff inventor.

-12-

73. These misrepresentations were made with the intention that the PTO would accept the sworn October 7, 2004 declarations from defendant Plache, and the PTO relied upon this misrepresentation in identifying him as the sole inventor of the patent application.

74. As a result of defendant's acts, omissions and misrepresentations, plaintiff has been damaged in an amount to be ascertained at trial.

75. The conduct of defendant Plache was willful, wanton and malicious and is a conscious disregard for plaintiff's rights, thereby entitling plaintiff to an award of punitive damages.

COUNT V - FIFTH CLAIM FOR RELIEF:
IMPROPER ASSIGNMENT

76. Plaintiff realleges and reincorporate the allegations set forth in paragraphs 1-19, 21-27, 45-75 as if fully set forth herein.

77. Defendant Plache assigned the full right and interest in the patent application to defendant's alter ego, defendant Company for One Dollar ($1.00).

78. Upon information and belief, defendant Plache made a material misrepresentation in the patent application when he executed a sworn oath or declaration under penalty of perjury pursuant to 35 U.S.C. §115 stating that he was the true and sole inventor of the subject matter claimed in the patent application.

79. This misrepresentation was definite and specific and was made with knowledge of its falsity, in that the invention described and claimed in the patent application was an invention that defendant Plache elicited from plaintiff inventor.

80. Upon information and belief, this misrepresentation was made with the intention that the Commissioner of the Patent Office would accept the sworn declaration from

-13-

defendant Plache, and the Commissioner relied upon this misrepresentation in identifying him as the sole inventor of the patent application.

81.     An assignment of a patent may be granted to the assignee of the inventor of record upon a sworn statement by the inventor pursuant to 35 U.S.C. §261.  Plaintiff, who is the true inventor, is therefore the only party who is authorized to assign the patent.

82.     Defendant Plache recorded an assignment with the United States Patent Office under 35 U.S.C. §115 declaring himself to be the sole inventor, the assignment being between himself as the purported inventor and his alter ego, defendant Company.

83.     Upon information and belief, defendant Plache is an owner in defendant Company and the assignment by defendant Plache to defendant Company was made with knowledge of the false, material misrepresentation and with knowledge of the fact that the Commissioner of the Patent Office relied upon such misrepresentation in recording the assignment.

84.     The assignment was contrary to the patent laws of the United States inclusive of 35 U.S.C. § 152 as the proper inventor was plaintiff.

85.     The actions of defendant Plache are without the protection of the corporate veil of defendant Company and defendant Plache is personally responsible for such actions.

86.     As a result of defendants' acts, omissions and misrepresentations in this judicial district, plaintiff has been injured in an amount to be ascertained at trial.

-14-

## COUNT VI - SIXTH CLAIM FOR RELIEF:
### MISAPPROPRIATION OF TRADE SECRET

87.     Plaintiff realleges and reincorporate the allegations set forth in paragraphs 1-19, 21-27, 45-86 as if fully set forth herein.

88.     During the course of plaintiff's inventive efforts, defendant Plache communicated with plaintiff inventor in this judicial district regarding his invention.

89.     Defendant Plache elicited valuable technical information regarding the results of plaintiff's inventive efforts which has independent economic value from not being generally known to others within the fluid blending industries and which is not readily ascertainable by proper means.

90.     Defendant used false and material representations, implying that he wanted the information on the plaintiff inventor's blender for plaintiff inventor's benefit, namely for locating an attorney to file a patent application on plaintiff's invention, when in fact defendant Plache intended to obtain the information and use the information for his own benefit, so that he could incorporate plaintiff's information into a patent application, falsely naming himself as the sole inventor.

91.     Plaintiff undertook reasonable efforts which were reasonable under the circumstances to maintain the secrecy of the information and plaintiff reasonably relied upon defendant Plache's false and material representation that defendant Plache was using plaintiff's information for plaintiff's patent application.

92.     Plaintiff's information provided a valuable benefit to defendant Plache who prepared and filed a United States Patent Application that he would not have provided if plaintiff had known defendant Plache was in fact preparing the patent application for himself.

-15-

93. The misappropriation of the trade secret has had a material and prejudicial change of position on plaintiff, in that he is prevented from filing a patent application with a filing date prior to defendant Plache's.

94. At the time of the disclosure by plaintiff to defendant Plache, defendant acquired the information under circumstances which gave rise to a duty to maintain its secrecy or limit its use and it was derived from or though improper means.

95. As a result of defendants' acts, omissions and misrepresentations in this judicial district, plaintiff has been injured in an amount to be ascertained at trial.

PRAYER FOR RELIEF

COUNT I – DECLARATORY JUDGEMENT 28 U.S.C. § 2201

WHEREFORE, in Count I plaintiff respectfully requests the Court to enter a declaratory judgment in its favor and against defendant declaring that:

(a) Plaintiff is the sole inventor of United States Letters Patent application filed on October 7, 2004 is entitled FLUID BLENDING UTILIZING EITHER OR BOTH PASSIVE AND ACTIVE MIXING; and

(b) Defendant Plache is not the inventor of the subject matter claimed in the Patent Application; and

(c) Issuing an order directing all defendants to take all necessary steps to correct the inventorship of the patent application so that plaintiff is named the proper inventor for this application; and

-16-

(d)     Issuing an order declaring the assignment null and void as defendant Plache did not have the power or authority pursuant to 35 U.S.C. § 152 to assign another's patent rights.

(e)     Entering judgment declaring this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling plaintiff to an award of its reasonable attorney fees, expenses and costs in this action; and

(f)     Awarding plaintiff such other and further relief as this Court may deem to be just and proper.

## COUNT II – DECLARATORY JUDGEMENT 28 U.S.C. § 2201

WHEREFORE, in Count II plaintiff respectfully requests the Court to enter a declaratory judgment in its favor and against defendant declaring that:

(a)     Plaintiff is a joint inventor of the subject matter claimed in the Patent Application; and

(c)     Issuing an order directing all defendants to take all necessary steps to correct the inventorship of the patent application so that plaintiff is properly named a joint inventor for this application; and

(d)     Entering judgment declaring this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling plaintiff to an award of its reasonable attorney fees, expenses and costs in this action; and

(e)     Awarding plaintiff such other and further relief as this Court may deem to be just and proper.

-17-

## COUNT III – FRAUD

WHEREFORE, in Count III plaintiff respectfully requests the Court to enter a declaratory judgment in its favor and against defendant declaring:

(a)    The assignment agreement between defendant Plache and defendant Company be rescinded pursuant to RSMo § 400-002.721 and as a matter of equity; and

(b)    All defendants should take all necessary steps to effect the rescission with the United States Patent Office; and

(c)    The patent application and resulting patent is the property of plaintiff; and

(d)    All defendants to take all necessary steps to assign all rights in the patent application and resulting patent to plaintiff; and

(e)    The entry of judgment for plaintiff in the amount of $75,000 and declaring this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling plaintiff to an award of its reasonable attorney fees, expenses and costs in this action; and

(f)    Awarding plaintiff such other and further relief as this Court may deem to be just and proper.

## COUNT IV – FRAUD BEFORE THE PTO

WHEREFORE, in Count IV plaintiff respectfully requests the Court to enter a declaratory judgment in its favor and against defendant declaring:

(a)    The assignment contract between defendant Plache and defendant Company be rescinded pursuant to RSMo § 400-002.721 and as a matter of equity; and

-18-

(b)     All defendants to take all necessary steps to effect the rescission with the United States Patent Office; and

(c)     The patent application and resulting patent is the property of plaintiff; and

(d)     All defendants to take all necessary steps to assign all rights in the patent application and resulting patent to plaintiff; and

(e)     Entering judgment for plaintiff in the amount of at least $75,000 and declaring this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling plaintiff to an award of its reasonable attorney fees, expenses and costs in this action; and

(f)     Awarding plaintiff such other and further relief as this Court may deem to be just and proper.

<u>COUNT V – IMPROPER ASSIGNMENT</u>

WHEREFORE, in Count V plaintiff respectfully requests the Court to enter a declaratory judgment in its favor and against defendant declaring that:

(a)     Defendant Company is the alter ego of defendant Plache who is without the protection of the corporate veil; and

(b)     Defendant Company shall be a disregarded entity such that defendant Plache is personally liable for any and all action or inaction taken with regard to the patent application; and

(c)     Defendants shall transfer all information, correspondences and documents related to the patent application and any subsequent communication from the United States Patent & Trademark office to plaintiff; and

-19-

(d)     All defendants to take immediate steps to protect all of plaintiff's patent interest in the patent application and enjoining all defendants from taking any action adverse to plaintiff's patent interest; and

(e)     This is an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling plaintiff to an award of its reasonable attorney fees, expenses and costs in this action; and

(f)     Awarding plaintiff such other and further relief as this Court may deem to be just and proper.

COUNT VI – MISAPPROPRIATION OF TRADE SECRET

WHEREFORE, in Count VI plaintiff respectfully requests the Court to enter a declaratory judgment in its favor and against defendant declaring:

(a)     Defendant Plache misappropriated plaintiff's trade secret; and

(b)     Defendant Plache and defendant Company shall be enjoined from undertaking any action or inaction which may negatively impact plaintiff's patent rights; and

(c)     That the patent application and resulting patent is the property of plaintiff; and

(d)     An accounting of any use, sale or manufacture of products or processes which utilize plaintiff's information; and

(e)     Defendant Plache to maintain the secrecy of plaintiff's invention; and

-20-

(f)     Entering judgment declaring this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling plaintiff to an award of its reasonable attorney fees, expenses and costs in this action; and

(g)     Awarding plaintiff such other and further relief as this Court may deem to be just and proper.

## DESIGNATION OF PLACE OF TRIAL

(a)     Plaintiff hereby designates Kansas City, Missouri as the place of trial of the above-styled matter.

Dated:  July 20, 2005                    By:  */s/ Arthur K. Shaffer*
                                             Michael Yakimo, Jr., #26228
                                             D. A. N. Chase, #18905
                                             Ginnie C. Derusseau
                                             James J. Kernell, #48850
                                             Arthur K. Shaffer, #51229
                                             CHASE LAW FIRM, L.C.
                                             4400 College Boulevard
                                             Suite 130
                                             Overland Park, Kansas 66211
                                             Telephone:  (913) 339-9666
                                             Facsimile:  (913) 339-6061

                                         Attorneys for Plaintiff Kirt Stevens